# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | CEDRIC | BAILEY |
| | First Name          Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name          Middle Name | Last Name |
| Case Number (If known) | 19-20205 | |

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia Order 2017-3 adopts this form in lieu of Official Form 113]

1.  **Notices.  Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a)  This plan:  ☐ contains nonstandard provisions.  See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b)  This plan:  ☑ values the claim(s) that secures collateral.  See paragraph 4(f) below.
    ☐ does not value claims(s) that secures collateral.

    (c)  This plan:  ☐ seeks to avoid a lien or a security interest.  See paragraph 8 below.
    ☑ does not seek to avoid a lien or security interest.

2.  **Plan Payments.**

    (a)  The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ __442.00__ for the applicable commitment period of:

    ☐ 60 months; **or**
    ☑ a minimum of 36 months.  See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____monthly on _____, 20___.)

    (b)  The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan.  Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____ %        ☐ Debtor 2 _____ %

    ☐ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    _____

    (c)  Additional Payments of $ _____(estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

**3.    Long-Term Debt Payments.**

(a)    **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5).  These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below.  Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable.  Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| EXETER FINANCE | 2015 DODGE/CO-DEBT | N | CO-DEBTOR | | 768.00 |

(b)    **Cure of Arrearage on Long-Term Debt.**  Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below.  Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE(if applicable) |
|---|---|---|---|---|

**4.    Treatment of Claims.**  From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a)  **Trustee's Fees.**  The Trustee percentage fee as set by the United States Trustee.

(b)  **Attorney's Fees.**  Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ _3,500.00_ .

(c)  **Priority Claims.**  Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d)  **Fully Secured Allowed Claims.**  All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|

(e)  **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).**  The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.  These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| CAPITAL ASSET REC | 2008 NISSAN | 4,300.00 | 5.0% | 87.64 |

(f)  **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.**  The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below.  The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below.  The

plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| SANTANDER | 2012 NISSAN | 8,000.00 | 5.0% | 163.06 |
| FARMERS FURN | PMSI > 1 YR | 1,500.00 | 5.0% | 30.57 |

(g) **Special Treatment of Unsecured Claims.**  The following unsecured allowed claims are classified to be paid 100%
☐ with interest at _____ % per annum **or**   ☐ without interest.

_____

(h) **General Unsecured Claims.**  Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a ___0.00__ % dividend or a pro rata share of $ _____ , whichever is greater.

5.   **Executory Contracts.**

   (a) **Maintenance of Current Installment Payments of Rejection of Executory Contracts(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| | | | | |

   (b) **Treatment of Arrearages.**  Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| | |

6.   **Adequate Protection Payments.**  The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors:   ☐   Direct to the Creditor; **or**   ☑   To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| CAPITAL ASSET REC | 43.00 |
| SANTANDER | 80.00 |

7.   **Domestic Support Obligations.**  The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here.  See 11 U.S.C. § 101(14A).  The trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| | |

8.   **Lien Avoidance.**  Pursuant to 11 U.S.C. § 522(f), The Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditors(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| | | |

9.   **Surrender of Collateral.**  The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan.  The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from the entry of the order

confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C. § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supercede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on a valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form of deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:  3/22/19

/s/ CEDRIC                    BAILEY
_____
*Debtor 1*

/s/
_____
*Debtor 2*

/s/ William S. Orange, III
_____
*Attorney for the Debtor(s)*

**GASB-Form 113 [Rev. 12/1/17]**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE:
CEDRIC            BAILEY                              Chapter 13 Case

　　　　Debtor(s)                              Case No.:  19-20205

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing

the same in the United States Mail with proper postage affixed thereon to the following addresses:

**(See attached matrix)**

I hereby certify that I have served a copy of the Chaper 13 Plan on the following
corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed
thereon to the following addresses:

**(See attached matrix --For each entity required to be served pursuant to Fed. R. Bankr. P
7004(b)(3) the wording "ATTN: Managing Officer (or appropriate similar wording) is included in
the address.)**

I hereby certify that the following insured depository institutions were served by Certified
Mail addressed to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically through
the Notice of Electronic Filing (NEF) at the following address:

M. Elaina Massey
Chapter 13 Trustee
ecf@ch13bwk.com

Dated:      3/22/19

/s/ William S. Orange, III
Debtor's Attorney
1419 Newcastle St.
Brunswick, GA 31520
912-267-9272

.

CEDRIC BAILEY
102 A VILLAGE CIRCLE
BRUNSWICK GA 31525-1825

EMERGENCY RESOURCES GROUP
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 11349
DAYTONA BEACH FL 32120-1349

PROFESSIONAL DEBT MEDIATIO
ATTENTION: MANAGING OFFICER
7948 BAYMEADOWS WAY, 2ND F
JACKSONVILLE FL 32256-7518


WILLIAM S. ORANGE, III
WILLIAM S. ORANGE, III
1419 NEWCASTLE ST.
BRUNSWICK, GA 31520

EXETER FINANCE CORP.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 166008
IRVING TX 75016

PROGRESSIVE LEASING
ATTENTION: MANAGING OFFICER
256 DATA DRIVE
DRAPER UT 84020


AMERICAN INFOSOURCE, LP
ATTENTION: MANAGING OFFICER
5847 SAN FELIPE STREET
HOUSTON TX 77057

FARMERS FURNITURE
ATTENTION: MANAGING OFFICER
4655 ALTAMA AVENUE
BRUNSWICK GA 31520

QUANTUM3 GROUP LLC
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 788
KIRKLAND WA 98083


AT&T MOBILITY
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 537104
ATLANTA GA 30353-7104

FINGERHUT
ATTENTION: MANAGING OFFICER
6250 RIDGEWOOD ROAD
SAINT CLOUD MN 56395-2001

RGL ASSOCIATES, INC.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1054
BRUNSWICK GA 31521-1054


CAPITAL ASSET RECOVERY
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 192585
DALLAS TX 75219

GEORGIA EMERGENCY ASSOCIATES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 10066
SAVANNAH GA 31412

SANTANDER CONSUMER USA
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 961245
FORT WORTH TX 76161-0244


CAPITAL ONE BANK USA, N.A.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 71083
CHARLOTTE NC 28272-1083

GLYNN IMMEDIATE CARE
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1213
BRUNSWICK GA 31521-1213

SOUTHEAST GEORGIA HEALTH S
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1518
BRUNSWICK GA 31521-1518


COMENITY BANK
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 182125
COLUMBUS OH 43218-2125

INTERNAL REVENUE SERVICE
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 7346
PHILADELPHIA PA 19101

STEPHANIE BAILEY
102A VILLAGE CIRCLE
BRUNSWICK GA 31525-1825


COOPERATIVE HEALTHCARE SERVICES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1213
BRUNSWICK GA 31521-1213

INTERNAL REVENUE SERVICE
401 WEST PEACHTREE STREET
INSOLVENCY STOP 334D, #400
ATLANTA GA 30308

SUMMIT SPORTS ORTHO
ATTENTION: MANAGING OFFICER
3025 SHRINE ROAD, #390
BRUNSWICK GA 31520


DIVERSIFIED CONSULTANTS
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 551268
JACKSONVILLE FL 32255-1268

NPRTO GEORGIA, LLC
ATTENTION: MANAGING OFFICER
256 WEST DATA DRIVE
DRAPER UT 84020

TEK COLLECT, INC.
ATTENTION: MANAGING OFFICER
871 PARK STREET
COLUMBUS OH 43215

VERIZON  WIRELESS
ATTENTION: MANAGING  OFFICER
500  TECHNOLOGY  DRIVE,  SUITE  550
SAINT CHARLES MO 63304-2225


VICTORIA'S  SECRET
ATTENTION: MANAGING  OFFICER
POST  OFFICE  BOX  182128
COLUMBUS OH 43218-2128


WEB  BANK
ATTENTION: MANAGING  OFFICER
215  STATE  STREET,  SUITE  1000
SALT LAKE CITY UT 84111